```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

BRETT BURGE,

    Plaintiff,

v.                              CASE NO:   8:12-cv-1172-T-33TGW

KINGS REALTY GROUP, LLC,
RALPH HARVEY, and MICHAEL
JORDAN,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. # 13), which was filed on August 16, 2012. Plaintiff filed a Response in Opposition (Doc. # 15) on August 30, 2012. For the reasons that follow, the Court grants the motion and dismisses this case without prejudice.

**I. Background**

Plaintiff Brett Burge commenced this action on May 24, 2012, against Burge's employer, Kings Realty Group LLC, and its owner-operators, Ralph Harvey and Michael Jordan, seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Florida Minimum Wage Act, Section 448.110, Florida Statutes. (Doc. # 1 at 1). Burge alleges that Defendant Kings Realty Group LLC hired Burge in 2008 to work as a Mortgage Relief Associate, and that

"Defendants willfully violated [the FLSA] by failing to compensate [Burge] at a rate equal to the federal minimum wage . . . ." Id. at ¶¶ 3, 5 & 14.

Defendants move to dismiss the Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Burge's Complaint contains "mere recitals of causes of action[ ] . . . and conclusory statements devoid of any facts." (Doc. # 13 at 3).

## II. **Legal Standard**

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

> raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted). "Generally, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which the claim rests." Kinzer v. Stelling, No. 6:11-cv-465-Orl-28KRS, 2012 WL 1405694, *1 (M.D. Fla. Mar. 28, 2012) (internal citations omitted); Fed. R. Civ. P. 8(a). Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III. Discussion**

The minimum wage provision of the FLSA, 29 U.S.C. § 206(a), provides in relevant part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than—(A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day[.]

-3-

Thus, the FLSA contains a jurisdictional prerequisite; a plaintiff must prove that he is either: (1) "engaged in commerce or in the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." Courts analyzing the statute have designated these requirements as "individual coverage" and "enterprise coverage," respectively. See Perez v. Muab, Inc., No. 10-62441-CIV, 2011 WL 845818, *1 (S.D. Fla. Mar. 7, 2011). "[A]n employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce. [A]n employee is subject to enterprise coverage if he is employed in an enterprise engaged in commerce or in the production of goods for commerce." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-1299 (11th Cir. 2011) (internal quotations and citations omitted).

> [A]n enterprise is engaged in commerce or in the production of goods for commerce if it (i) has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Id. at 1299 (quoting 29 U.S.C. § 203(s)(1)(A)(i)-(ii)).

Furthermore, the FLSA defines an "employer" as "any

-4-

person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

> Additionally, the Eleventh Circuit has held that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA, as long as that corporate officer is involved in the day-to-day operation or has some direct responsibility for the supervision of the employee.

Bailey v. Cooper, No. 10-81596-CIV, 2011 WL 818110, *2 (S.D. Fla. Mar. 2, 2011) (quoting Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)).

Although Burge's Complaint states that Defendants Ralph Harvey and Michael Jordan "owned and operated Kings Realty Group LLC . . . and [were] responsible for the supervision of Plaintiff," thus satisfying the minimum factual standard to support the conclusion that Defendants were "employers" within the meaning of the FLSA, the Complaint contains other factual shortcomings. (Doc. # 1 at ¶¶ 6-7). For instance, the Complaint (1) lacks any description of Burge's duties as an employee (beyond the assertion that Burge "regularly was engaged in commerce or the production of goods for commerce"), Id. at ¶ 10, and (2) fails to describe the general business of Defendants. Burge merely alleges in conclusory fashion that "Defendants were an enterprise engaged in commerce or in the

-5-

production of goods for commerce as defined by 29 U.S.C. §[§] 203(r) and (s) of the FLSA," and that "Defendants [have] annual gross volume of sales or business done of not less than $500,000 within the meaning of [s]ections 203(r) and (s) of the FLSA." (Doc. # 1 at ¶¶ 9-10). Additionally, aside from the vague assertion that Burge "became employed and hired by Defendants on or about 2008," the Complaint contains no statement regarding the time period during which Defendants allegedly failed to compensate Burge in accordance with the federal minimum wage.

In opposing Defendants' motion, Burge relies on the Eleventh Circuit's opinion in Secretary of Labor v. Labbe, 319 Fed. App'x 761 (11th Cir. 2008). Kinzer v. Stelling, a case from the Middle District of Florida, recently analyzed Labbe in the context of a motion to dismiss:

> In Labbe, an opinion issued after Twombly but prior to Iqbal, the . . . Eleventh Circuit described the elements of an FLSA action as being 'simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.' . . . [T]he motion to dismiss and for a more definite statement in Labbe did not challenge the allegations of the complaint regarding enterprise coverage. Rather, Defendant Labbe argued that the complaint was insufficient because it did not contain detailed allegations about the time period of each employee's claim . . . among other things. The gist of Labbe's argument was that, without more specific information, he could not determine

-6-

>     whether the claims of any of the employees were
>     time barred.

Kinzer, 2012 WL 1405694 at *4. Consequently, the circumstances involved in Labbe are readily distinguishable from the present case, in which Defendants argue that "[t]he complaint merely states the conclusion that the Defendants were engaged in commerce and nothing more," thus challenging the sufficiency of Burge's Complaint regarding the issue of enterprise coverage. (Doc. # 13 at 4).

Burge additionally emphasizes that "a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in plaintiff's favor." (Doc. # 15 at 4) (quoting Schlinsky v. Action Video Prods., Inc., No. 09-CIV-61779, 2010 WL 227910, *1 (S.D. Fla. Jan. 13, 2010)). However, even with liberal construction, Burge's Complaint lacks any factual allegations to support the legal conclusion that Burge or Defendants were engaged in commerce. See Bailey, 2011 WL 818110 at *2 (granting defendants' motion to dismiss partly because "[t]here are no . . . facts regarding Plaintiff's job duties or any facts describing how the business is operated that demonstrate Plaintiff is engaged in commerce. Such a bare-bones complaint runs afoul of Twombly and Iqbal."); Perez,

-7-

2011 WL 845818 *3, ("Plaintiff alleges only that 'during her employment with [defendant], [plaintiff] was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (internal citation omitted); <u>Kendrick v. Eagle Intern. Group, LLC</u>, No. 08-80909-CIV, 2009 WL 3855227, * 3 (S.D. Fla. Nov. 17, 2009) ("[T]he Complaint alleges that 'Plaintiff's job duties were such that she was individually engaged in interstate commerce.' . . . Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss.") (internal citation omitted); <u>Ceant v. Aventura Limousine & Transp. Svc., Inc.</u>, No. 12-20159-CIV, 2012 WL 2428536, *3 (S.D. Fla. June 27, 2012) ("[T]he Court finds that [plaintiff] has not properly pled either individual or enterprise coverage here. The primary problem is that the Complaint provides no factual allegations about the nature of [plaintiff's] work or the nature of [defendant's] business.").

The Court acknowledges that extensive, detailed pleading is not required in the context of an FLSA claim. However, given its overall lack of factual information, Burge's Complaint constitutes little more than a "formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. Specifically, because the Complaint fails to provide

-8-

sufficient factual support to properly allege either individual or enterprise coverage under the FLSA, the Court grants Defendants' Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 13) is **GRANTED** and this case is dismissed without prejudice.  Plaintiff may file an amended complaint by October 5, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of September, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record